# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JILLYN PETERSON, GABE HARE, ROBERT HEYNEN and ADAM KRAJEWSKI, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INSURANCE SERVICES OFFICE, INC., THE PLAN ADMINISTRATION COMMITTEE OF INSURANCE SERVICES OFFICE INC., THE TRUSTS INVESTMENT COMMITTEE OF INSURANCE SERVICES OFFICE, INC., and JOHN DOES 1-30. <br><br> Defendants. | Civil Action No. 2:20-cv-13223-SDW-AME <br><br> Honorable Susan D. Wigenton <br> United States District Judge <br><br> Honorable André M. Espinosa <br> United States Magistrate Judge <br><br> CLASS ACTION <br><br> **ORDER** |

## STIPULATED ESI PROTOCOL

It appearing that discovery in the above-captioned action is likely to involve the search, review, and production of electronically stored information ("ESI"), it is ORDERED as follows:

1

### A. PURPOSE

This Protocol will govern discovery of ESI in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

### B. COOPERATION

The parties acknowledge their duty to work together cooperatively throughout the discovery process.

### C. PRESERVATION

The parties represent that they have taken reasonable, proportional steps to preserve documents and electronic data which they reasonably believe could contain discoverable information.

### D. SEARCH AND FILTERING OF ESI

1. **Initial Agreement.** The parties agree that at the commencement of the second stage of discovery, as described in the parties' joint discovery plan (Dkt. 27 at § 8(b)), they will meet and confer in good faith about methods to search ESI and custodial and non-custodial sources of ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

2. **Additional Search Terms and Sources of ESI.** After initial agreement is reached regarding search terms and custodial and non-custodial sources of ESI, the parties may meet and confer at any time prior to the close of discovery

to reach agreement to include additional terms and or sources. The producing party reserves the right to object to such additions.

       3.    **Documents Not Discovered by Search Terms.** If a party discovers a document that is responsive to the discovery requests and that party has asserted no objections that apply to prevent the production of that document, the party may not withhold the document on the basis that it was not discovered or identified through the agreed-upon search methodology. An agreed-upon search methodology does not foreclose a party from requesting, or excuse a party from producing (if otherwise non-objectionable), responsive documents or discrete document collections that are reasonably identifiable without the use of search terms.

### E. OTHER FILTERING, REVIEW, OR CULLING TECHNOLOGIES

When the producing party uses technologies to reduce the number of documents to be reviewed or produced (*i.e.*, file type culling, e-mail thread suppression, technology assisted culling, etc.), the producing party will disclose all such technologies used to the requesting party and meet and confer in good faith to resolve any disputes regarding the methodologies used.

### F. PRIVILEGE LOG.

       1.    Except as otherwise ordered by the court, within thirty (30) days of a production, the producing party shall provide its first privilege log in Excel format, populated exclusively with the following extracted metadata fields:

Custodian/Duplicate Custodian, From, To, CC, BCC, Subject, Author, File Name, File Path, Date Created, Date Last Modified, Last Modified By, and Basis of Withholding/Redaction, with subsequent supplemental logs provided within thirty (30) days of each production, on a rolling basis. If the producing party needs additional time to prepare any particular log, the parties will meet and confer regarding an appropriate extension.

2. Multiple redactions in one document will be addressed in one log entry, with enough information to understand the basis of each redaction.

3. Privileged documents dated on or after September 12, 2020 need not be logged on the privilege log.

### G. PRODUCTION FORMAT

1. **Generally.** As a general rule, the production format for all paper documents and ESI shall be single-page Group IV TIFF files with corresponding text and load files, as set forth in detail in Part Three below ("the Default Rule"). However, spreadsheets, word processing files, digital images, audio/video files, and other file types that do not render to image well should be produced in their Native format ("Native Productions"). Native Productions shall be produced as they are maintained, with all non-privileged formulas, redlines, comments, links, and metadata intact. Native Productions should include all ESI metadata fields set forth below in the load file.

It may sometimes be appropriate to produce partial or exported data, such as with information housed in applications, cloud services, or databases containing more information than is relevant to the case. In these instances, the parties should confer and agree on an ESI protocol early on concerning the scope of, and methodology for, extracting the relevant data.

2. **Combined PDFs.** The producing party shall separate or unitize pdfs that contain more than one document.

3. **Handling of Paper Documents.** Paper documents shall be scanned and produced according to the Default Rule. The documents should be unitized (not merged into a single record). The load file for paper documents shall contain the following fields, described in Section G.3.c below:

| | |
|---|---|
| BegBates | ProdVolume |
| EndBates | Record Type |
| BegAttach | Confidential |
| EndAttach | Redacted |
| Custodian | Extracted Text |
| Pgcount | |

If production of paper documents in this format is not reasonably feasible or would cause undue cost, burden, or delay, the parties shall meet and confer to determine alternative production formats.

4. **Default Rule: Specific Protocols for the Form of Production.** The following specific protocols should be used for productions:

a.  **IMAGES:**

A placeholder image that conforms to the TIFF specifications detailed below should be provided for Native Productions. The placeholder should contain the confidential designation, Bates number, and text stating that the document has been produced in native format.

Records not provided in native format should be as single-page, Group IV, 300 DPI, 1-bit, black-and-white TIFF images. If color is requested or necessary to understand the meaning of a document,[1] the document should be produced as a single-page, 300 DPI, minimum quality level of 75, 24-bit color JPG images. An Images folder on the production deliverable should contain a separate TIFF or JPG file named with the corresponding Bates number. Images should show all information visible using native software. For example, images of email messages should include the BCC and Attachments lines.

b.  **LOAD FILES:**

| Load File | Format |
| --- | --- |
| Image Load File | Opticon .opt |
| Database Load File | Delimited .dat with field header information on the first line of the file. Concordance default delimiters should be used. |

---

[1] If a producing Party may rely on a color version of a document it produces, the color version will be provided. In addition, a receiving Party may request a color replacement of an image when the loss of color detracts from the usability or limits the ability to interpret information.

**c. TEXT FILES:**

A single text file shall be provided for each document. The text file name shall be the same as the Bates number of the first page of the document with the document extension ".txt" suffixed. File names shall not have any special characters or embedded spaces. Electronic text must be extracted directly from the native electronic file unless the document requires redaction, is an image file, or is any other native electronic file that does not contain text to extract (e.g., non-searchable PDFs). In these instances, and in the case of imaged hard-copy documents, a text file shall be created using OCR and shall be produced in lieu of extracted text, unless the producing party has chosen not to OCR the document because the expense is not justified, given the types of documents and utility of the OCR. In that situation, the producing party will produce the document as it was kept in the ordinary course of business, without OCR, and will identify for the receiving party in the production cover letter the Bates numbers of the documents that have not had OCR applied. The parties will meet and confer over any disagreements about the appropriateness of OCR'ing any such documents.

To the extent possible using standard processing tools and not unduly burdensome, extracted text shall include all non-privileged comments, revisions, tracked changes, speaker's notes and text from documents with comments or tracked changes, and hidden worksheets, slides, columns and rows.

### d. METADATA FIELDS:

| Field Name | Description |
|---|---|
| **BegBates** | First Bates number |
| **EndBates** | Last Bates number |
| **BegBatesAttach** | First Bates number of the first document of a family |
| **EndBatesAttach** | Last Bates number of the last document of a family |
| **Custodian**[2] | Custodian of a file when collected |
| **PgCount** | Number of pages of a document |
| **ProdVolume** | Name of an export volume |
| **RecordType** | Indicates type of ESI ("E-Mail", "E-Mail Attachment", "E-Doc", etc.) or "Hard Copy" for paper documents |
| **Filesize** | Size in bytes of the native file |
| **MD5HashValue** | MD5 hash value assigned to a document |
| **ExtractedText** | Relative file path to the produced extracted text or OCR file of the document. A Text folder on the production deliverable should contain a separate text file for each document named with the corresponding BegBates. If a party OCRs documents for its own benefit, that OCR will be provided here. OCR text files shall be provided for documents with redactions. |
| **Confidential** | Populated for all documents with a confidentiality designation pursuant to any applicable Protective Order in addition to stamping of production images |
| **Redacted** | "Has Redactions" or "Yes" populated for all redacted documents |
| **FileName** | Original file name of a document |
| **NativePath** | Relative file path to the produced native file. A Natives folder on the production deliverable should contain a separate native file for each document named with the corresponding BegBates. |
| **Title** | Extracted title of a non-email document |
| **Author** | Extracted author of a non-email document |
| **TimeZone** | Time zone used for processing the data |
| **Date/Time Created** | Date and time the document was created |
| **Date/Time Last Modified** | Date and time the document was last modified |
| **LastSavedBy** | Last saved or modified by property of a document, representing the last user to save the document |
| **From** | Name (when available) and email address of the sender of an email message |

---

[2] **All Custodians**, a field that identifies all custodians of a document, shall be provided when the producing party incorporates deduplication in their production workflow.

| | |
|---|---|
| **To** | Name (when available) and email address(es) of the recipient(s) of an email message |
| **CC** | The name(s) (when available) and email address(es) of the recipient(s) of the CC or Carbon Copy of an email message |
| **BCC** | The name(s) (when available) and email address(es) of the recipient(s) of the BCC or Blind Carbon Copy of an email message |
| **EmailSubject** | Subject of an email message |
| **Date/TimeReceived** | Date and time an email message was received |
| **Date/Time Sent** | Date and time an email message was sent |
| **EmailFolder** | Folder in which an email was stored within a custodian's mailbox |
| **AttachmentList** | File names for all attachments to an email message or child items in a family group |
| **AttachCount** | Number of files attached to an email message or parent document |

## H. GENERAL PROVISIONS

1. Any practice or procedure set forth herein may be varied by written agreement of the parties, where such variance is deemed appropriate to facilitate the timely and economical exchange of electronic data or other covered discovery materials.

2. Should any party subsequently determine in good faith that it cannot proceed as required by this order or that the order requires modification, the parties will meet and confer to resolve any dispute before seeking Court intervention.

**IT IS SO ORDERED**.

Dated: __October 20, 2021____

*/s/ André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge