**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JILLYN PETERSON, GABE HARE, ROBERT HEYNEN and ADAM KRAJEWSKI, individually and on behalf of all others similarly situated, | ) ) ) ) | Civil Action No. 2:20-cv-13223-AME |
| | ) | |
| Plaintiffs, | ) ) | Honorable André M. Espinosa United States Magistrate Judge |
| | ) | |
| v. | ) ) | CLASS ACTION |
| | ) | |
| INSURANCE SERVICES OFFICE, INC., THE PLAN ADMINISTRATION COMMITTEE OF INSURANCE SERVICES OFFICE, INC., THE TRUSTS INVESTMENT COMMITTEE OF INSURANCE SERVICES OFFICE, INC., and JOHN DOES 1-30. | ) ) ) ) ) ) ) | |
| | ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT
PURPOSES, APPROVING FORM AND MANNER OF SETTLEMENT NOTICE,
PRELIMINARILY APPROVING PLAN OF ALLOCATION AND SCHEDULING A
DATE FOR A FAIRNESS HEARING**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), with respect to the Insurance Services Office, Inc. 401(k) Savings and Employee Stock Ownership Plan (the "Plan").[1] The terms of the Settlement are set out in the Settlement Agreement, fully executed as of December 5, 2023, by counsel on behalf of the Named Plaintiffs, all Class Members, and Defendants, respectively.

Pursuant to the Named Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of a Class for Settlement Purposes, Approving Form and

---

[1]    All capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a Fairness Hearing filed on December 6, 2023, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class.  Upon the Court's review of this unopposed motion and all documents filed in support thereof , it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

   1. **Preliminary Certification of the Settlement Class.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally and preliminarily certifies the following class ("Settlement Class"):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Insurance Services Office, Inc. 401(k) Savings and Employee Stock Ownership Plan, at any time between September 24, 2014 through January 12, 2024 (the "Class Period").

   2. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

    (a) as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

    (b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

(c)     as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that the Named Plaintiffs seek to certify;

(d)     as required by FED. R. CIV. P. 23(a)(4), that the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that:  (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class;

(e)     as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of:  (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

(f)     as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3.      The Court preliminarily appoints the Named Plaintiffs Jillyn Peterson, Gabe Hare, Robert Heynen and Adam Krajweski as Class Representatives for the Settlement Class and Capozzi Adler, P.C., as Class Counsel for the Settlement Class.

4.      **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate.  This Court preliminarily finds that:

a)  The Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, and the Named Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

b)  Named Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable and adequate;

c)  If the Settlement had not been achieved, Named Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

d)  The amount of the Settlement – four million dollars ($4,000,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal.  The method of distributing the Class Settlement Amount is efficient, relying on Defendants' records and requiring no filing of claims.  The Settlement terms related to attorneys' fees do not raise any initial questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv).  The Class Settlement Amount is within the range of settlement values obtained in similar cases;

e) At all times, the Named Plaintiffs and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

f) The proposed Plan of Allocation is fair, reasonable, and adequate.

5. **Establishment of Qualified Settlement Fund –** A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with the terms of the Settlement. Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement

Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.  The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund.  Reserves may be established for taxes on the Settlement Fund income or on distributions.  The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions.  Such powers include investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.  The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund.  All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders.  Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being

administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

6.      **Fairness Hearing** – A hearing is scheduled for May 22, 2024, at 10:00 a.m., in Courtroom 2D of the Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, to make a final determination, concerning among other things:

- Any objections from Class Members to the Settlement or any aspects of it.

- Whether the Settlement merits final approval as fair, reasonable, and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be granted final approval; and

- Whether Class Counsel's application(s) for Attorneys' Fees and Costs and Case Contribution Awards to the Named Plaintiffs are fair and reasonable, and should be approved.

7.      **Settlement Notice** – The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement.*    The Court finds that such form of notice fairly and adequately:  (a) describes the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and for a Case Contribution Award for the Named Plaintiffs for their service in such capacity; (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Settlement Notice may object to any of the relief requested. *The Notice shall be modified to include the scheduling information set forth in this Order, including the date/location of the Fairness Hearing.

8.    **Settlement Administrator** – The Court hereby approves the appointment of Analytics LLC ("Analytics") as the Settlement Administrator for the Settlement.  The Court directs that the Settlement Administrator shall:

- By no later than February 26, 2024 (forty-five days after entry of this Order), cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified through reasonable effort.  Prior to mailing the Settlement Notice, Analytics shall conduct an advanced address research (via skip-trace databases) in order to identify current mailing address information for the Settlement Class members.  Additionally, Analytics must update the Settlement Class member address information using data from the National Change of Address ("NCOA") database.  After mailing the Settlement Notice, Analytics shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

- By no later than February 26, 2024 (forty-five days after entry of this Order), cause the Settlement Notice to be sent by email to any email addresses on file for the Settlement Class members as of the date of this Preliminary Approval Order.

- By no later than February 12, 2024 (thirty-one days after entry of this Order), cause the Settlement Notice to be published on the website identified in the Settlement Notice, www.ISOERISASettlement.com which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement.

- The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement are the best notice practicable under the circumstances, and satisfy the requirements of Rule 23(c) and Due Process.

9. **Petition for Attorneys' Fees, Litigation Costs and Case Contribution Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs and Case Contribution Awards to the Named Plaintiffs, and all briefs in support thereof, shall be filed no later than April 8, 2024 (thirty days before the date for filing Objections specified in this Order).

10. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than April 8, 2024 (thirty days before the date for filing objections specified in this Order).

11. **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Settlement Fund, or to the request for a Case Contribution Award for the Named Plaintiffs. An objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s). The address for filing objections with the Court is as follows:

Clerk of the Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:  *Peterson et al v. Insurance Services Office, Inc*. et al.,
     Civil Action No. 2:20-cv-13223-AME

9

The objector or his, her, or its counsel (if any) must file the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than May 8, 2024 (fourteen days before the date of the Fairness Hearing specified in this Order).  If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also file a notice of appearance with the Court no later than May 8, 2024 (fourteen days before the date of the Fairness Hearing specified in this Order).  Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.    Any responses to objections shall be filed with the Court no later than May 15, 2024 (seven days before the date of the Fairness Hearing specified in this Order). There shall be no reply briefs.

12.    Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than May 15, 2024 (seven days before the date of the Fairness Hearing specified in this Order).

13.    **Appearance at Final Approval Hearing** – Any objector who files a timely, written objection in accordance with paragraph 11 above may also appear at the Fairness Hearing either in person or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than May 15, 2024 (seven days before the date of Fairness Hearing specified in this Order).  Any objectors, or their counsel, who does not timely file a notice of intention to

appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

14.     **Notice Expenses** – The expenses of printing, mailing, and publishing the Settlement Notice required herein shall be paid exclusively from the Qualified Settlement Fund.

15.     **Parallel Proceedings** – Pending final determination of whether the Settlement Agreement should be approved, the Named Plaintiffs, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

16.     **Continuance of Final Approval Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be done by telephone or video conference.

     **SO ORDERED** this 12th day of January, 2024.


     */s/ André M. Espinosa*
     Hon. André M. Espinosa
     United States Magistrate Judge